WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lezley Marisol Pineda,<br><br>                Plaintiff,<br><br>v.<br><br>Carolyn W. Colvin,<br><br>                Defendant. | No. CV-13-01128-PHX-DGC<br><br>**ORDER** |

Plaintiff brought this action for judicial review pursuant to 42 U.S.C. § 405(g) after her application for disability benefits was denied. Doc. 1. The Court reversed Defendant's decision and remanded the case for further proceedings. Doc. 26.

Plaintiff has filed a motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). Doc. 28. The motion is fully briefed and no party has requested oral argument. For the reasons that follow, the Court will grant the motion and award Plaintiff attorney's fees in the amount of $7,282.69.

"The EAJA creates a presumption that fees will be awarded to prevailing parties." *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995). Plaintiff is a prevailing party because this matter was remanded pursuant to sentence four of the Social Security Act, 42 U.S.C. § 405(g). Doc. 26; *see Shalala v. Schaefer*, 509 U.S. 292, 301 (1993); *Gutierrez v. Barnhart*, 274 F.3d 1255, 1257 (9th Cir. 2001). The Court should award reasonable attorney's fees under the EAJA unless Defendant shows that her position in this case was "substantially justified or that special circumstances make an award unjust."

28 U.S.C. § 2412(d)(1)(A); *see Gutierrez*, 274 F.3d at 1258. A position is substantially justified "if it has a reasonable basis in fact and law." *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988).

Defendant does not contend that an award of fees in this case would be unjust. Nor has she shown that the positions taken in defense of the ALJ's erroneous decision were substantially justified. The Court found that the ALJ committed legal error by relying solely on the medical-vocational guidelines, or "grids," when a vocational consultant should have been consulted. Doc. 26 at 8. "The Commissioner's need for efficiency justifies use of the grids at step five where they *completely and accurately* represent a claimant's limitation." *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999) (emphasis in original). *Tackett* noted that "significant non-exertional impairments . . . may make reliance on the [guidelines] inappropriate," and that "pain can be a non-exertional limitation." *Id*. at 1101-02. The Court found that the ALJ failed to address Dr. Varns' report, which indicated that Plaintiff experiences pain that is "moderately severe," that her pain would "frequently" interfere with attention and concentration, and that she would "frequently" experience deficiencies of concentration. The Court concluded that Dr. Varns' report might have affected the ALJ's conclusion that Plaintiff's "additional limitations have little or no effect on the occupational base of unskilled work." Doc. 26 at 7. Because Plaintiff's non-exertional limitations could have impacted Plaintiff's ability to complete "basic mental work-related activities," and because the ALJ did not explain whether or why he disregarded this portion of Dr. Varns' report, the Court concluded that it was not appropriate for the ALJ to rely solely on the grids and that a vocational expert should have been consulted. *Id*. at 7-8. Because the ALJ's decision did not comport with the Ninth Circuit's requirement for using the grids, Defendant's position cannot be said to have a "reasonable basis in law" and was not substantially justified.

Plaintiff's counsel, Mark Caldwell, has filed an affidavit (Doc. 30) and an itemized statement of fees (Doc. 30-1) showing that he worked 36.7 hours on this case. Having reviewed the affidavit and the statement of fees, and having considered the

relevant fee award factors, *see Hensley v. Eckerhart*, 461 U.S. 424, 429-30 & n.3 (1983), the Court finds that the amount of the requested fee award is reasonable.  Pursuant to their request, the Court will also award Plaintiff fees for the time required to prepare a reply to the Commissioner's objection to the EAJA fee motion.  Doc. 32 at 4.

**IT IS ORDERED:**

1. Plaintiff's motion for attorney's fees (Doc. 28) is **granted**.
2. Plaintiff is awarded **$7,282.69** pursuant to 28 U.S.C. § 2412.

Dated this 1st day of August, 2014.

_____
David G. Campbell
United States District Judge